**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

HASAN KAZMI,

        Plaintiff,

    v.

CCS COMMERICAL, LLC d/b/a
CREDIT COLLECTION SERVICES
COMMERICAL,

        Defendant.

Civil Action No. 14-6132 (MAS) (TJB)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on the motion of Defendant CCS Commercial, LLC, doing business as Credit Collection Services Commercial ("CCS" or "Defendant"), for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (ECF No. 7.) Plaintiff Hasan Kazmi ("Kazmi" or "Plaintiff") filed opposition (ECF No. 11), and CCS replied (ECF No. 14). The Court has carefully considered the parties' submissions and decided the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, the Court grants Defendant's motion for judgment on the pleadings.

## I.    Background

    Plaintiff brings suit against CCS for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692(p) ("FDCPA").[1] (Notice of Removal, Ex. A ("Compl."), ECF No. 1.)

---

[1] Kazmi's Complaint includes a one-sentence allegation that CCS violated the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 ("NJCFA"). (Compl. ¶ 10.) However, Kazmi does not seek any relief under the NJCFA. Furthermore, neither party addresses the NJCFA in the current motion. Accordingly, the Court does not construe the singular reference as a separate claim.

Specifically, Kazmi alleges that CCS violated the FDCPA by failing to include the required violation notice when it attempted to collect on a baseless subrogation claim. (*Id.* ¶ 6.) Kazmi argues that he sustained damages as a result of the violation. (*Id.* ¶ 11.)

In May 2014, Progressive Insurance Company ("Progressive") hired CCS to collect on subrogation claims owed to Progressive. (*Id.* ¶ 3.) On May 6, 2014, and again on May 27, 2014, CCS sent correspondence to Plaintiff attempting to collect on a subrogation claim in the amount of $15,637.50 that arose out of a motor vehicle accident. (*Id.* ¶¶ 3-4, 7.) Upon receiving the aforementioned correspondence, Plaintiff notified Progressive that he was not involved in the motor vehicle accident and that he did not own the motor vehicle involved in the accident. (*Id.* ¶ 5.) After being advised by Progressive to remove the account from its files, CCS sent Plaintiff correspondence on June 10, 2014, advising him that the collection file was being closed. (*Id.* ¶ 9.) CCS included the following language in its June 10, 2014 correspondence:

> Even though this matter is closed, this office is still required by law to make the following statement on any/all written communications: this is an attempt to collect a debt and any information obtained will be used for that purpose. This communication was sent by a debt collector.

(*Id.*)

## II.   **Legal Standard**

Motions for judgment on the pleadings are governed by Rule 12(c) of the Federal Rules of Civil Procedure. A party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial . . . ." Fed. R. Civ. P. 12(c). "A motion for judgment on the pleadings will not be granted unless the movant clearly establishes that no material issues of fact remain unresolved, and that the movant is entitled to judgment as a matter of law." *Nationwide Mut. Ins. Co. v. Brown*, 226 F. App'x 153, 154-55 (3d Cir. 2007) (citing *Soc'y Hill Civic Ass'n v. Harris*, 632 F.2d 1045, 1054 (3d Cir. 1980)). "A Rule 12(c) motion for judgment

2

on the pleadings may be filed after the pleadings are closed." *Turbe v. Gov't of the V. I.*, 938 F.2d 427, 428 (3d Cir. 1991). "Rule 12(h)(2) provides that a defense of failure to state a claim upon which relief can be granted [(normally a Rule 12(b)(6) defense)] may also be made by a motion for judgment on the pleadings." *Id.* In these situations, courts apply the same standard as they would under Rule 12(b)(6). *Id.*; *see Nationwide*, 226 F. App'x at 155. A motion to dismiss under Rule 12(b)(6) may be granted only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the plaintiff, plaintiff is not entitled to any relief." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997).

**III.    Analysis**

CCS asserts that this matter does not fall within the purview of the FDCPA because the "debt" requirement is not met, and thus the subrogation claim does not arise out of a "transaction." (Def.'s Moving Br. 2, ECF No. 7.) CCS further argues that it is not subject to the FDCPA requirements simply because it identifies itself as a "debt collector" in its correspondence.[2] (*Id.* at 3.) In response, Kazmi argues that the subrogation claim is governed by the FDCPA because CCS admited that it was a debt collector in its debt collecting correspondence. (Pl.'s Opp'n Br. 1-3, ECF No. 11.) Further, Kazmi argues that the two items of correspondence violate the FDCPA because they did not include language mandated by 15 U.S.C. § 1692(e)(11). (*Id.* at 2-3.)

There must be a "debt" for the FDCPA to be applicable. *Zimmerman v. HBO Affiliate Grp.*, 834 F.2d 1163, 1167 (3d Cir. 1987); 15 U.S.C. § 1692(e). The FDCPA defines debt as:

> any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to a judgment.

---

[2] The Court does not address Defendant's secondary argument as to whether or not a collection agency can "opt-in" to the FDCPA, because the Court finds that this claim does not meet the "debt" requirement of the FDCPA.

15 U.S.C. § 1692(a)(5). "[N]ot all obligations to pay are considered 'debts' subject to the FDCPA. Rather, the FDCPA may be triggered only when an obligation to pay arises out of a specified 'transaction.'" *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1371 (11th Cir. 1998); *see Zimmerman*, 834 F.2d at 1167-69 (holding: "the statute does not define the nature of the 'transaction(s)' which may give rise to a 'debt.'"). While "transaction" is not defined in the statute, "[a] fundamental canon of statutory construction [provides] that in the absence of statutory definition, [the court] give[s] terms their ordinary meaning." *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1325 (7th Cir. 1997). Webster's New World Dictionary defines "transaction" as a business deal or agreement. *Id.* (citing Webster's New World Dictionary 1509 (2d ed. 1986)). In *Hawthorne*, the Eleventh Circuit held that defendant's claim that plaintiff violated the FDCPA when it attempted to collect on a subrogation claim against him was barred. 140 F.3d at 1373. The court reasoned that damages resulting from an automobile accident do not arise out of any consensual or business dealing and, thus, do not constitute a transaction under the FDCPA. *Id.* at 1371. The facts of the present case are very similar to those in *Hawthorne*, and the Court finds the *Hawthorne* court's reasoning highly persuasive.[3] Here, Defendant's attempt to collect from Kazmi also arises out of an automobile accident. The Court is not persuaded by Plaintiff's argument that his claim is different because he was not the tortfeasor in the accident. (Pl.'s Opp'n Br. 1.) The fact that Kazmi was not the tortfeasor in his accident does not change the nature of this subrogation claim. Therefore, Kazmi's claim against CCS does not constitute a

---

[3] Plaintiff cites *Hamilton v. United Healthcare of Louisiana, Inc.*, 310 F.3d 385 (5th Cir. 2002), to support his argument that subrogation claims are not excluded from the FDCPA. (Pl.'s Opp'n Br. 3.) Although the Court acknowledges that not all subrogation claims are excluded, *Hamilton* is distinguishable from the instant case because it deals with a subrogation claim arising out of Hamilton's personal contractual dealings with his insurance companies. *Hamilton*, 310 F.3d at 391-92. Here, there is no such relationship.

"debt" under the FDCPA. *See Hawthorne*, 140 F.3d at 1371. Kazmi has no legal grounds for relief under the FDCPA against CCS; therefore, CCS is entitled judgment as a matter of law.

## IV.    Conclusion

For the above reasons, the Court grants the Defendant's motion for judgment on the pleadings. An order reflecting this decision accompanies this Memorandum Opinion.


_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

**Dated:** July *15*, 2015

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| HASAN KAZMI,<br><br>               Plaintiff,<br><br>               v.<br><br>CCS COMMERICAL, LLC d/b/a CREDIT<br>COLLECTION SERVICES<br>COMMERCIAL,<br><br>               Defendant. | Civil Action No. 14-6132 (MAS) (TJB)<br><br>**ORDER** |

This matter comes before the Court on the motion of Defendant CCS Commercial, LLC, doing business as Credit Collection Services Commercial ("Defendant"), for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (ECF No. 7.) Plaintiff Hasan Kazmi filed opposition (ECF No. 11), and CCS replied (ECF No. 14). The Court has carefully considered the parties' submissions and decided the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth in the accompanying Memorandum Opinion, and other good cause shown,

**IT IS** on this 15 day of July 2015, **ORDERED** that:

1. Defendant's Motion for Judgment on the Pleadings (ECF No. 7) is GRANTED;

2. Judgment is entered in favor of Defendant; and

3. The Clerk of the Court should mark this matter CLOSED.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**